## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IJEOMA O. OBI, *pro se*                    )
1009 D Street, N.E.                         )
Washington, D.C. 20002                     )
                                           )
        Plaintiff,                        )
                                           )
        v.                                )  Case No.
                                           )
SUNRISE SENIOR ASSISTED LIVING             )
7902 Westpark Drive                        )
McLean, Virginia 22102                     )
                                           )
        Defendant.                        )

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Sunrise Senior Living, Inc. ("Sunrise"), incorrectly identified in the Complaint as Sunrise Senior Assisted Living, by counsel, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, hereby gives notice of the removal to this Court of an action commenced against Sunrise in the Superior Court for the District of Columbia, styled <u>Ijeoma O. Obi v. Sunrise Senior Assisted Living</u>, Case No. 0007038-07 ("the Superior Court Action"). In support of this removal, Sunrise states as follows:

1.      On October 22, 2007, the Plaintiff filed her Complaint in the Superior Court Action. A copy of the Complaint is attached at Tab 1. The Summons accompanying the Complaint is attached at Tab 2.

2.      On November 13, 2007, Sunrise filed an Answer to the Superior Court Action. A copy of the Answer is attached at Tab 3.

3.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and

the Plaintiff's jurisdiction of citizenship is different from Sunrise's jurisdiction of citizenship. Sunrise is not a citizen of the jurisdiction in which the action was brought.

    4.    **Amount in Controversy Exceeds $75,000.**

According to the *ad damnum* in her Complaint, the Plaintiff is seeking $250,000 in damages.

    5.    **Sunrise is not a District of Columbia citizen.**

        a.    The Superior Court Action was brought in the District of Columbia. The Plaintiff provides in the caption and the second paragraph of her Complaint that she resides in the District of Columbia. Sunrise Senior Living, Inc. is not a District of Columbia citizen.

        b.    Sunrise Senior Living, Inc. is a Delaware corporation with its principal place of business at 7902 Westpark Drive, McLean, Virginia 22102. <u>See</u> Declaration of Michael Stein, attached at Tab 4.

    6.    This Notice of Removal is timely filed within 30 days of the filing and Sunrise's receipt of the Complaint.

    7.    The United States District Court for the District of Columbia embraces the District of Columbia, where the Superior Court Action is pending.

    8.    Attached at Tab 5 is a copy of the Notice of Filing Notice of Removal to Federal Court, the original of which is being filed with the Superior Court for the District of Columbia.

    9.    Attached at Tab 6 is a copy of the Notice to Adverse Party of Removal to Federal Court, the original of which is being served on Obi, and a copy of which is being filed with the Superior Court for the District of Columbia.

    10.    In addition to the Summons, Complaint, and Answer, Sunrise is attaching all other process, pleadings, and orders of which it is aware are part of the Superior Court Action:

Initial Order and Addendum, and Addendum to Initial Order Affecting All Medical Malpractice Cases (Tab 7).

WHEREFORE, Defendant Sunrise Senior Living, Inc. requests that this Court assume jurisdiction of this action and make such further orders as may be required to properly determine this controversy.

DATED:  November 14, 2007.

Respectfully submitted,

By: _____
Thomas P. Murphy (DC Bar #349365)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone:  (703) 714-7400
Facsimile:  (703) 714-7410
tpmurphy@hunton.com

Counsel for Sunrise Senior Living, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2007, a true copy of the foregoing

Defendant's Notice of Removal was served via first class mail on:

> Ms. Ijeoma O. Obi, *pro se*
> 1009 D Street, N.E.
> Washington, D.C. 20002

_____
Counsel

TAB 1

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Ijeoma O. Obi
1009 O St. N.E.
Washington, D.C. 20002

*Plaintiff*

0007038-07

CIVIL ACTION NO.

vs.

Sunrise Senior Assisting Living
7902 Westpark Dr.
McLean, Va. 22102

*Defendants*

RECEIVED
Civil Clerk's Office
OCT 2 2 2007
Superior Court of the
District of Columbia
Washington

**COMPLAINT**

1.  Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

See Attachment

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 250,000.00 with interest and costs.

202 758-3268 or 202 543-3957
Phone:

DISTRICT OF COLUMBIA, SS

_____ , being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.

(Plaintiff) _____ (Agent)

Subscribed and sworn to before me this _____ day of _____ 20 ___.

_____
(Notary Public/Deputy Clerk)

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | | |
|---|---|---|
| Ijeoma O. Obi | ) | Q607038-07 |
| 1009 "D" Street N. E. | ) | |
| Washington, D.C. 20002 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| Sunrise Senior Assisting Living | ) | |
| 7902 Westpark Drive | ) | |
| McLean, Va. 22102 | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Comes Now, Plaintiff Ijeoma O. Obi, Pro Se, Files here in this complaint against Defendant Sunrise Senior Living, Pursuant to this courts order on October 22, 2007.

### PARTIES AND JURISDICTION

1. That this court has subject matter jurisdiction in the above captioned case Pursuant to D.C. official Code Sec. 11-1321
2. That the plaintiff is a resident of the District of Columbia.
3. That Defendant is an Assisting Living Nursing Home operating and doing business in the District of Columbia.

### COURT 1
### NEGLIGENT SUPERVISION

4. That on or about June 18, 2007, Defendant hired a New Supervisor to run the unite.
5. That on or about June 26, 2007, two care managers had a disagreement. One care manager was terminated, by the new supervisor within the second week of her being on the floor.

[ Giles v. Shell Oil Corp., 487 A. 2d 610 (D.C. 1985). See also Moseley v. Second New St. Paul Baptist Church, 534 A. 2d 346.3 I.E.R.case(BNA) 464 (D.C. 1987); Alqahtani v. George Washington University, 1996 WL 568843 (D.D.C. 1996).]

6. By the end of the week, the new supervisor and the nurse supervisor asked plaintiff to work another shift due to the termination of a care manager early in the week.

7. On June 30, 2007, Plaintiff witnessed the co-worker harassing a resident aid from another agency.

8. On June 30, 2007, Plaintiff witnessed co-worker and the housekeeper having unpleasant words.

9. On June 30, 2007. Plaintiff came to work and was harassed all day by a co-worker.

[ A claim for negligent hiring and supervision will be recognized where the employer knew or should have known that the employer would behave in a dangerous or incompetent manner, yet the employer failed to adequately supervise the employee.]

**Murphy v. Army Distaff foundation Inc. 458 A.2d 61, 63 (D.C. 1983 Book Employment discrimination coordinator 4A of State Law [12: 66 Freedom from harassment in the work place]**

10. The co-worker would talk on the phone in another language in a loud voice for hours at a time.

## COUNT II
### WRONGFUL TERMINATION / RACE DISCRIMINATION

11. On July 2, 2007 Plaintiff was terminated for not changing "soil sheets" on the bed.

12. Lead care manager approved plaintiff's work on June 30, 2007, before plaintiff left the floor.

13. The employer indicated the same lead care manager brought the sheets to the supervisor two days later stating "soil sheets" was left on resident's bed by plaintiff..

14. The government agency (unemployment examiner) asked employer, "why she didn't fire the lead care manager too"?

[under the code of D.C. municipal Regulation CDCR volume 10 ( Water & Sanitation 21) Public Health and Medicine Regulation 22-1 to 22-37 (22) Personnel Policies © NEGLECT

15. Supervisor, a white female, explained to Plaintiff that Sunrise Assisting Living Co. had been trying to hire her for sometime now. The supervisor's old company is no longer in business and she said, I have left behind a qualify staff up to code on everything. A matter of fact, I am meeting a formal co-worker for lunch. This person came on the floor. (white care manager) looked around and left with the supervisor for lunch.



# DISTRICT OF COLUMBIA
## DEPARTMENT OF EMPLOYMENT SERVICES
## CENTRAL ADJUDICATION BRANCH
### 609 H STREET, N.E. SUITE 341
### WASHINGTON, D.C. 20002

## DETERMINATION BY CLAIMS EXAMINER

**Social Security Number: 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**

**CLAIMANT:**

IJEOMA O OBI
1009 D ST NE
WASHINGTON, DC - 20002

**EMPLOYER:**

SUNRISE SENIOR LIVING
MANAGEME
PO BOX 182366
COLUMBUS, OH - 43218-2366

**ISSUE:**
**DISCHARGED**

**REASON FOR DETERMINATION:**
The courts have consistently enforced, in the cases of misconduct, the employer has
the responsibility of providing sufficient evidence to support a finding of misconduct.
The employer indicates the claimant was discharged for not changing soiled sheets.
The claimant states the lead care manager approved her beds during their rounds.
She agreed the sheets did not need to be changed. The employer indicated the same
lead care manager brought the sheets to her two days later stating "soiled" sheets
were on a resident's bed. Evidence is insufficient to support either side. It is word
against word. In fairness to the claimant, absent irrefutable information from one
side or the other, the decision is to err on the side of the claimant.

☒ **Misconduct has not been established.**

**DECISION:**
Therefore, the claimant listed herein has been determined eligible for unemployment
benefits. No disqualification has been imposed based on separation from your
employment in accordance with D.C. Code, Title 51-110 (b).

Antoinette Carter
Claims Examiner

I certify that a copy of this document was mailed to the employer/claimant at the
above address on 7/31/2007.            _Antoinette Carter_
                                           Signature

**SEE THE ENCLOSED NOTICE OF APPEAL RIGHTS**

D.D.C.1997. To prove racial discrimination within meaning of chapter 1981, Plaintiff must prove that she was discriminated against on bases of her ancestry or ethnic characteristics and not solely on place or nation of her origin. 42 U.S.C.A.} 1981.

16. The supervisor: based on her actions and conversations with the plaintiff, the plaintiff felt that she is letting go the Africa America care managers and making room to hire her old staff which is white.

## COUNT III
## RAT INFESTATION

17. On or round November 23,2006, a rat cross Plaintiff on the third floor,in front of the elevator. Plaintiff told the nurse supervisor who called an off duty engineer to work. He interviewed plaintiff. Plaintiff explained what happen. He said, "He will take care of the problem."

18. Five months later, Plaintiff was on the first floor around 8:30 p.m. having a conversation with the receptionist, Plaintiff asked the receptionist what was he looking at? He responded, "The rats in the dining room area." Plaintiff said, "Stop lying." He said, "you look where I am looking," which I did and saw two to three rats under the dining room table that was 3 to 4 lbs. Plaintiff ran and my voice was loud. The Director was in her office on the phone. She came out and said what's going on. Plaintiff took her hands and tried to explain by demonstrating how long these animals were. Plaintiff went back to her department. Less than ten minutes, the Director called plaintiff and told her not to go around and telling everybody what you saw.

19. One night, Plaintiff was working on the third floor all night. The nurse passed plaintiff and said," Did you see that rat pass you"? Plaintiff said, "Yes I saw it".

20. During a social event at Sunrise Assisting Living located at 14th and Thomas Circle  Plaintiff and several other people was standing around the receptionist desk. A resident that works for Sunrise Assisting Living ( the head receptionist) told the following story:

Five years ago before the second floor was renovated. The skill unite was getting ready for a big celebration. The care managers brought all of the residents together around the table. The table had a lot of food and a big cake in the middle. Before you knew it, we look up and there was a rat on the table eating the cake. People were going every which way to get out the way

## D.C. CODE

### Chapter 2-1801.02 (2), chapter 8-2103.05 (b) (c) (d)

2-1801.06 Summary action, (a) If the Mayor determines, after investigation, that the conduct of a licensee presents an imminent danger to the health of safety of the residents of the District, the mayor may order the sealing of the premises upon which the respondent is engaged in the unlawful conduct, provided that the premises are primarily used for the unlawful activity.

21. After listening to the woman tell the above story. Plaintiff, then realized that this problem has been at this location for a while. Many of the plaintiff's residents are bedridden. What if, a rodent smells food around the residence mouth and gets in the resident?

22. That Defendant had a duty to make sure the environment is safe and presents no imminent danger to the health or safety of its employees.

23. That Defendant had a duty to make sure that the work place was free from harassment.

24. That Defendant breached said duty when it allowed employee's to continual to behave in a dangerous and incompetent manner.

25. That Defendant breached said duty when it allowed its living and work environment to be in danger with rodent control.

26. That Defendant breached said duty when Defendant Terminate Plaintiff, that Plaintiff was following the policies and rule of the company policy book.

27. That Defendant breached said duty when Defendant allowed tension of racial discrimination.

28. That as a result of said breach, Plaintiff suffered extreme emotional, and severe psychological distress, which handicaped Plaintiff from her everyday duties.

29. That plaintiff has suffered financial hardship as a result of the impact on her employment file showing no-rehire, because plaintiff was wrongful fired.

30. Plaintiff is asking for wages from when said incident happen up to present, punitive damages, treble damages.

### REQUEST FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure the Plaintiff respectfully requests a Jury Trial.

WHEREFORE, base on the foregoing the plaintiff requests this Honorable court to enter a Monetary Judgment against the Defendant in the amount of $250,000.00.

Respectfully Submitted,

*Ijeoma O. Obi*

Ijeoma O. Obi
1009 "D" Street N.E.
Washington, D.C. 20002

## VERIFICATION

I, Ijeoma Obi, depose and affirm that I am the Plaintiff in the foregoing action, that
I have read and understand the information contained in the Complaint, and that
the information contained in the foregoing Complaint is true and accurate to the
best of my knowledge and belief.

Ijeoma O. Obi, Plaintiff

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Second Amended Complaint was mailed on the 27 day of ___October___ ,2007, by first class, postage prepaid, to Corporate Office, Sunrise Assisting Living, 7902 Westpark Drive, McLean, Va. 22102, Defendant.

Ijeoma Obi
1009 "D" Street N. E
Washington, D.C. 20002

TAB 2

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Ifeoma Obi
1009 D St. NE
Washington DC 20002
_____ Plaintiff

0007008-07

vs.                                          Civil Action No. _____

Sunrise Senior Assisting Living
7902 Westpark Dr.
_____ Defendant
McLean, Va. 22102

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Clerk of the Court

Ifeoma Obi
_____
Name of Plaintiff's Attorney

1009 "D" St. N.E.                          By _____
Address                                        Deputy Clerk
Washington, D.C. 20002

                                           Date _____
_____
Telephone

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456(Rev) 03

TAB 3

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

IJEOMA O. OBI, *pro se*,              )
                                      )
            Plaintiff,                )
                                      )
        v.                            )   Case No. 0007038-07
                                      )
SUNRISE SENIOR ASSISTED LIVING,       )
                                      )
            Defendant.                )

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant Sunrise Senior Living, Inc. ("Sunrise"), incorrectly identified in the Complaint as Sunrise Senior Assisted Living, by counsel, answers the Complaint of Plaintiff Ijeoma O. Obi as follows:

### Parties and Jurisdiction

1.      Paragraph 1 of the Complaint states a legal conclusion to which no response is required.

2.      Sunrise lacks sufficient knowledge and information to form a belief as to the truth of the allegation in Paragraph 2, and it therefore denies that allegation.

3.      Sunrise admits that it is an assisted living company that operates and does business in the District of Columbia. Sunrise denies that it is a "nursing home" company.

### Count I

### Negligent Supervision

4.      Sunrise denies that it hired a Reminiscence Coordinator at Sunrise at Thomas Circle on June 18, 2007. Sunrise admits that it hired the Reminiscence Coordinator on or about June 11, 2007, and that the Reminiscence Coordinator began work at Sunrise at Thomas Circle on or about June 18, 2007.

5.    Sunrise admits that on or about June 30, 2007, two Care Managers -- including the Plaintiff -- had a disagreement at Sunrise at Thomas Circle. Sunrise lacks sufficient knowledge and information to form a belief as to the truth of the allegation that two Care Managers at Sunrise at Thomas Circle had a disagreement on or about June 26, 2007. Sunrise admits that two Care Managers -- including the Plaintiff -- were terminated by the new Reminiscence Coordinator approximately two weeks after the Reminiscence Coordinator began working at Sunrise at Thomas Circle. Sunrise admits that a third Care Manager was terminated by the new Reminiscence Coordinator before the Plaintiff and the other Care Manager were terminated. Sunrise denies the remaining allegations in Paragraph 5.

6.    Sunrise admits that the new Reminiscence Coordinator and a nurse supervisor asked the Plaintiff to work another shift to assist in extra coverage that had been necessitated by the termination of the "third Care Manager" (as referenced in Paragraph 5 of this Answer).

7.    Sunrise lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 7, and it therefore denies those allegations.

8.    Sunrise lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 8. Sunrise avers that on June 30, 2007 a housekeeper had to separate the Plaintiff from another Care Manager because they were arguing and had become physically threatening.

9.    Sunrise denies the allegations in Paragraph 9.

10.    Sunrise lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 10, and it therefore denies those allegations.

## Count II

### Wrongful Termination/Race Discrimination

11.    Sunrise admits that part of the reason it terminated the Plaintiff's employment is because she failed to change soiled linens on or about June 30, 2007. Sunrise denies that this is the only reason for the Plaintiff's termination.

12.    Sunrise denies the allegations in Paragraph 12 of the Complaint.

13.    Sunrise admits that it informed the Plaintiff that a Lead Care Manager had provided to the Plaintiff's supervisor on or about July 2, 2007 the soiled linens which the Plaintiff had neglected to change.

14.    Sunrise denies the allegations in Paragraph 14 of the Complaint.

15.    Sunrise admits that the Plaintiff's supervisor, the new Reminiscence Coordinator, is a white female. Sunrise denies the remaining allegations in Paragraph 15.

16.    Sunrise lacks sufficient knowledge and information to form a belief as to the truth as to what the Plaintiff "felt," and it therefore denies those allegations. Sunrise denies the remaining allegations in Paragraph 16.

### Count III

### Rat Infestation

17.    Sunrise lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 17, and it therefore denies those allegations.

18.    Sunrise lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 18, and it therefore denies those allegations.

19.    Sunrise lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 19, and it therefore denies those allegations.

20.    Sunrise lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 20, and it therefore denies those allegations.

21.    Sunrise denies that it has had a rat "problem," denies that many residents at Sunrise at Thomas Circle are "bedridden," and denies that rats have penetrated the bodies of residents. Sunrise lacks sufficient knowledge and information to form a belief as to the truth of what the Plaintiff "realized," and it therefore denies those allegations.

22.    Paragraph 22 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Sunrise admits that it had a duty to make sure that its premises at Sunrise at Thomas Circle was safe and presented no imminent danger to the health and safety of its employees.

23.    Sunrise denies the allegation in Paragraph 23.

24.    Sunrise denies the allegations in Paragraph 24.

25.    Sunrise denies the allegations in Paragraph 25.

26.    Sunrise denies the allegations in Paragraph 26.

27.    Sunrise denies the allegations in Paragraph 27.

28.    Sunrise denies the allegations in Paragraph 28.

29.    Sunrise denies the allegations in Paragraph 29.

30.    Sunrise denies the Plaintiff is entitled to the relief requested in Paragraph 30, and further denies that she is entitled to any relief whatsoever.

31.    Sunrise denies that the Plaintiff is entitled to a jury trial on any claims for equitable relief, including front pay.

31.    Sunrise denies that the Plaintiff is entitled to the relief requested in the *ad damnum*, and further denies that the Plaintiff is entitled to any relief whatsoever.

32.    All allegations not specifically admitted are denied.

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Plaintiff has failed to exhaust the administrative prerequisites to suit.

### THIRD DEFENSE

Some or all of the Plaintiff's claims are barred by the exclusive remedies of the District of Columbia workers' compensation laws.

### FOURTH DEFENSE

The Plaintiff has failed to mitigate any damages she allegedly has incurred.

### FIFTH DEFENSE

The Plaintiff is not entitled to some or all of the relief requested in her Complaint because, even if Sunrise were found to have considered any impermissible factors in any decisions or actions with respect to the Plaintiff, which Sunrise denies, it would have taken the same action as to the Plaintiff regardless of any impermissible factors.

### SIXTH DEFENSE

All employment decisions made by Sunrise which affected the Plaintiff were made for legitimate business reasons of a non-discriminatory, non-retaliatory nature, and without malice or conscious disregard for her rights under law.

### SEVENTH DEFENSE

Any claim by the Plaintiff for retaliatory conduct is barred because she did not engage in a protected activity.

### EIGHTH DEFENSE

Sunrise is not liable for the actions of any employee that were outside the course and scope of his or her employment, were not in furtherance of Sunrise's business, or were contrary to Sunrise's good faith efforts to comply with all applicable laws.

### NINTH DEFENSE

The Plaintiff's claim for front pay and any other equitable relief is triable to the Court, not to a jury.

### ADDITIONAL DEFENSES

Sunrise reserves the right to assert any additional defenses that may become relevant or apparent through the course of discovery or otherwise during the course of this litigation.

WHEREFORE, Sunrise respectfully requests the Court to:

(1)     dismiss the Plaintiff's Complaint in its entirety and with prejudice;

(2)     award costs and attorney's fees to Sunrise to the extent recoverable under law; and

(3)    grant Sunrise further relief as the Court deems appropriate.


DATED:  November 13, 2007        Respectfully submitted,


                                 By:        _____/s/_____
                                            Thomas P. Murphy (DC Bar #349365)
                                            Jeffrey B. Hardie (DC Bar #448277)
                                            HUNTON & WILLIAMS LLP
                                            1751 Pinnacle Drive, Suite 1700
                                            McLean, Virginia 22102
                                            Telephone:  (703) 714-7400
                                            Facsimile:  (703) 714-7410
                                            tpmurphy@hunton.com
                                            jhardie@hunton.com

                                            *Counsel for Sunrise Senior Living, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2007, a true copy of the foregoing

Defendant's Answer to Complaint was served via first class mail on:

Ms. Ijeoma O. Obi, *pro se*
1009 D Street, N.E.
Washington, D.C. 20002

/s/
Jeffrey B. Hardie

## Hardie, Jeffrey

| | |
|---|---|
| **From:** | eFiling@efilingforcourts.com |
| **Sent:** | Tuesday, November 13, 2007 3:37 PM |
| **To:** | Hardie, Jeffrey |
| **Subject:** | Filing Trace Number ED301J020061655 has been received by the eFiling for Courts |

PLEASE DO NOT REPLY TO THIS E-MAIL.

This email acknowledges that a filing with the following information was received from the Electronic Filing Service Provider and has been transmitted successfully to eFiling for Courts:

eFiling for Courts Received Date/Time: Tuesday, November 13, 2007 3:36 PM Delivered to Court: Civil Actions Time Zone of Jurisdiction: (GMT-05:00) Eastern Time (US & Canada) Trace Number:  ED301J020061655 EFSP Submission Date/Time: Tuesday, November 13, 2007 3:36 PM Cause Number: 2007 CA 007038 B
Style/Case Name:    Ijeoma O. Obi v. Sunrise Senior Assisted Living
Title of Document: Answer to Complaint.pdf

Thank you,
eFiling for Courts

Confidentiality Notice:
The information in this email may be confidential and/or privileged.  This email is intended to be reviewed by only the individual or organization named above.  If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination, use or copying of this email and its attachments, if any, or the information contained herein is prohibited.

**Hardie, Jeffrey**

| | |
|---|---|
| **From:** | notifications@cfxpress.com |
| **Sent:** | Tuesday, November 13, 2007 3:40 PM |
| **To:** | Hardie, Jeffrey |
| **Subject:** | Proof of Service for Case/Cause 2007 CA 007038 B, Answer to Complaint.pdf |

**Attachments:**    ProofOfService_20071113143711555_9068.pdf.pdf



ProofOfService_20
0711131437115...

```
                     DO NOT REPLY TO THIS E-MAIL.
Filing Trace Number: ED301J020061655
Jeffrey B. Hardie,

Attached is your Proof of Service in PDF format for the filing mentioned above.
```

eFiling for Courts - Electronic Service of Copies

Proof of Service

Jurisdiction: Civil Actions
Cause Number: 2007 CA 007038 B
Trace Number: ED301J020061655
Court Assignment: D.C. Superior Court
Style/Case Name: Ijeoma O. Obi v. Sunrise Senior Assisted Living
Date and Time of Service: 11/13/2007 03:37:06 PM
Serving Party Name: Jeffrey B. Hardie
Documents:
Answer to Complaint.pdf


Parties of Record                         Delivery Type
Thomas Motley                             Electronic
Filer Services

TAB 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IJEOMA O. OBI, *pro se*          )
1009 D Street, N.E.              )
Washington, D.C. 20002          )
                                )
            Plaintiff,          )
                                )
        v.                      )    Case No.
                                )
SUNRISE SENIOR ASSISTED LIVING  )
7902 Westpark Drive             )
McLean, Virginia 22102          )
                                )
            Defendant.          )

### DECLARATION OF MICHAEL STEIN IN SUPPORT
### OF DEFENDANT'S NOTICE OF REMOVAL

Michael Stein declares under penalty of perjury as follows:

1.      I am Vice President and Associate General Counsel for Sunrise Senior Living, Inc.

2.      Sunrise Senior Living, Inc. is a Delaware corporation with its principal place of business at 7902 Westpark Drive, McLean, Virginia 22102.

3.      Sunrise Senior Living, Inc. operates many senior living facilities throughout the United States, including a facility in Washington, D.C. known as Sunrise at Thomas Circle.

4.      I make the foregoing declaration based on my personal knowledge and information provided to me as Vice President and Associate General Counsel for Sunrise Senior Living, Inc.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on November 8, 2007.

_____
Michael Stein

TAB 5

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| IJEOMA O. OBI, *pro se*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 0007038-07 |
| | ) |
| SUNRISE SENIOR ASSISTED LIVING, | ) |
| | ) |
| Defendant. | ) |

### NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT

Please take notice that on November 14, 2007, Defendant Sunrise Senior Assisted Living, by counsel, filed in the office of the Clerk of the United States District Court for the District of Columbia, a Notice of Removal to remove this action to that Federal Court. A copy of the Notice of Removal is enclosed.

This Notice is given pursuant to 28 U.S.C. § 1446(d), which provides that upon giving of such Notice, the District of Columbia Court shall proceed no further unless and until the case is remanded.

DATED: November 14, 2007

Respectfully submitted,

By: _____

Thomas P. Murphy (DC Bar #349365)
Jeffrey B. Hardie (DC Bar #448277)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone: (703) 714-7400
Facsimile: (703) 714-7410
tpmurphy@hunton.com
jhardie@hunton.com

Counsel for Sunrise Senior Assisted Living

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of November, 2007, a true copy of the foregoing

Notice of Filing Notice of Removal to Federal Court was served via first class mail on:

Ms. Ijeoma O. Obi, *pro se*
1009 D Street, N.E.
Washington, D.C. 20002

_____
Counsel

TAB 6

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| IJEOMA O. OBI, *pro se*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 0007038-07 |
| | ) |
| SUNRISE SENIOR ASSISTED LIVING, | ) |
| | ) |
| Defendant. | ) |

<u>**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**</u>

TO PLAINTIFF IJEOMA O. OBI, *pro se*:

**PLEASE TAKE NOTICE** that a Notice of Removal in the United States District Court for the District of Columbia was filed on November 14, 2007. By such filing the Defendant has removed this case from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia.

A copy of the Notice of Removal is enclosed, and is served and filed herewith.

DATED: November 14, 2007.

Respectfully submitted,

By: _____
Thomas P. Murphy (DC Bar #349965)
Jeffrey B. Hardie (DC Bar #448277)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone: (703) 714-7400
Facsimile: (703) 714-7410
tpmurphy@hunton.com
jhardie@hunton.com

Counsel for Sunrise Senior Assisted Living

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2007, a true copy of the foregoing

Notice to Adverse Party of Removal to Federal Court was served via first class mail on:

> Ms. Ijeoma O. Obi, *pro se*
> 1009 D Street, N.E.
> Washington, D.C. 20002

_____
Counsel

TAB 7



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

IJEOMA O OBI
Vs.
SUNRISE SENIOR ASSISTING LIVING

C.A. No.    2007 CA 007038 B

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference <u>once</u>, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge THOMAS J MOTLEY
Date:  October 22, 2007
Initial Conference: 9:30 am, Friday, February 01, 2008
Location:  Courtroom 112
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

**I (a) PLAINTIFFS**

Ijeoma O. Obi

**DEFENDANTS**

Sunrise Senior Living, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____11001_____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

None

ATTORNEYS (IF KNOWN)

Thomas P. Murphy, Esq. (D.C. Bar No. 349365)
Hunton & Williams
1751 Pinnacle Dr.
Suite 1700
McLean, Virginia 22102

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
   Plaintiff

○ 2 U.S. Government
   Defendant

○ 3 Federal Question
   (U.S. Government Not a Party)

● 4 Diversity
   (Indicate Citizenship of
   Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE an x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
   Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

○ **E. General Civil (Other)**   **OR**   ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or
   defendant
☐ 871 IRS-Third Party 26
   USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
   of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
   Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
   Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
   Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
   Exchange
☐ 875 Customer Challenge 12 USC
   3410
☐ 900 Appeal of fee determination
   under equal access to Justice
☐ 950 Constitutionality of State
   Statutes
☐ 890 Other Statutory Actions (if
   not administrative agency
   review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ⦿ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Removed Under 42 U.S.C. section 1441; wrongful discharge based on race

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 250,000   Check YES only if demanded in complaint   JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 11/14/2007   SIGNATURE OF ATTORNEY OF RECORD   *Thomas Finnegan*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.