IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ijeoma O. Obi   Pro se )<br>1009 "D" Street N.E. )<br>Wahington, D. C. 20002 )<br>Plaintiff )<br>)<br>V )<br>)<br>)<br>Sunrise Senior Assisting Living<br>7902 Westpark Drive<br>McLean, Va. 22102<br>Defendant | Case: 1:07-cv-02054<br>Assigned To:  Leon, Richard J.<br>Assign Date: 11/14/2007<br>Description:  Employ. Discrim. |

**OPPOSITION TO DEFENDANT MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Comes Now, Plaintiff IJEOMA O. OBI, respectfully requests this Honorable Court to deny Defendant's Motion to Dismiss plaintiff complaint. In support of the Opposition filed herein, Plaintiff states as follows:

A.  Standard of Review

A dismissal under Rule 12(b)(6) is proper only where it appears beyond doubt that the plaintiff can prove no facts that would support the claim. Vincent v. Anderson, 621 A.2d 367 (D.C. 1993). When determining the sufficiency of a complaint, the court must construe the complaint in light most favorable to the plaintiff and its allegations taken as true. McBryde v. Amoco Oil Co., 404 A.2d 200 (D.C. 1979). A complaint should not be dismissed because the court doubts plaintiff may prevail in the action. Defendant argues that the Complaint should be dismissed with prejudice because it fails to exhaust the administrative prerequisites to suit. To survive a Rule 12(b)(6) motion, the Court only needs to determine that the plaintiff set forth enough facts that fairly puts the Defendant on notice of the claim and that if Plaintiff's allegations are taken as true and inferences are made in favor of the Plaintiff, Plaintiff is unable to prove no set of facts in support of the claim. Duncan v. Children's National Medical Center, 702 A.2d 207 (1997). The Court must refrain from deciding whether the Plaintiff will prevail in the case. McBryde v. Amoco Oil Co., 404 A.2d 200 (D.C. 1979).

RECEIVED
NOV 2 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Count 1
## Negligent Supervision

(5) The day the supervisor asked plaintiff to work another shift.

Later in that day the supervisor met with the evening staff to explain and demonstrate the changes she wanted to implement (A.S.A.P.) on all shifts.

When plaintiff explained and demonstrated the changes to the morning staff. The care manager say," These types of changes need to come from a supervisor". You are not a supervisor and I am not going to do it. The supervisor needs to meet with the morning staff too. The supervisor's negligents caused conflict and confusion. We called the supervisor at home. She said, "we must get a long, but the supervisor over the phone didn't fixed the confusion and conflict she had caused". The supervisor was very irresponsible, which caused the plaintiff and the other care manager to break the company rules and policy, due to her negligent behavior.

(6) The housekeeper and plaintiff had a conversation going on in the kitchen. Plaintiff was washing dishes on one side of the room and the housekeeper was cleaning from the other side of the kitchen. The other care manager was not in the kitchen when the conversation started, but joined in on the conversation by going to the housekeeper which was still located across from plaintiff to tell her side of the story. The care manager that harassed plaintiff that day was seven months pregnant. No way, I would physically threaten a pregnant woman or any body. Everything that Sunrise's has lack of knowledge of or denies in this complain. I have a witness (a care manager from another agency ) that was harassed too, by the same care manager. This care manager from another agency can tell this court the truth.

## Count 11
## Wrongful Termination/ Race Discrimination

(16) Plaintiff tried to explain what she felt.

Now Comes, Ijeoma O. Obi with two witnesses on **Race Discrimnation.** Plaintiff worked for Sunrise Senior Living, Inc. for eight months and within that period of time. Plaintiff have been under five supervisor, which all had different management styles. One of plaintiff's witnesses is a forma supervisor from this location and she has worked at another Sunrise Senior Living, Inc., but when she went on her vacation, she did not have a job when she returned. This person is a good resource for all counts. The second witness is still working at Sunrise Senior Living Inc. She said, "she did not hired any whites, she hired a lot of Africa America people, which is racial discrimination on national origin and creed". Everything that Sunrise's has lack of knowledge of or denies in this complain. Plaintiff has two witnesses that will tell this court the truth.

## Count 111
## Rat Infestation

Everything that Sunrise's has lack of knowledge of or denies in this complain. Plaintiff has five witnesses and counting that can tell this court the truth. WHEREFORE, based on the reasons as set forth herein, Plaintiff respectfully requests this Honorable Court to move forward and Grant Plaintiff's request.

    a.) Denied Defendant's request to dismiss the Plaintiff's Complaint in its entirety and with prejudice.

Dated: November 20, 2007

Respectfully submitted,

By _/s/ Ijeoma O. Obi_
Ijeoma O. Obi
1009 "D" Street N. E.
Washington, D. C. 20002
Telephone: (202) 758-3268
Telephone: (202) 543-3957
IjeomaObi@hotmail.com
Pro se

## **VERIFICATION**

I, Ijeoma Obi depose and affirm that I am the Plaintiff in the foregoing action, that I have read and understand the information contained in the opposition to Defendant' Motion, and that the information contained in the foregoing opposition is true and accurate to the best of my knowledge and belief.

_____
Ijeoma O. Obi, Plaintiff

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Opposition to Defendant Motion was mailed on the 20 day of November ,2007, by first class, postage prepaid, to the Attorneys of Sunrise Senior Living Inc., Hunton & Williams LLP., 1751 Pinnacle Drive, Suite 1700, McLean, Va. 22102, Attn: Thomas P. Murphy