IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IJEOMA O. OBI,** *pro se* | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Case No. 07cv2054 (RJL) |
| | ) |
| **SUNRISE SENIOR ASSISTED LIVING,** | ) ) |
| Defendant. | ) |

**JOINT MEET AND CONFER STATEMENT**

The parties to the above-entitled action submit this Joint Meet and Confer Statement.  On December 14, 2007, the parties met and conferred as required by Fed. R. Civ. P. 26(f), Local Civil Rule 16.3, and the Court's Case Management Order of November 16, 2007.[1]

**Statement of Facts**

The Plaintiff, Ijeoma O. Obi, worked for Defendant Sunrise as a Care Manager at the senior living facility in the District of Columbia known as Sunrise at Thomas Circle.  As a Care Manager, Obi was responsible for assisting frail and vulnerable seniors with the activities of daily living, such as bathing, dressing, and grooming.  Obi began her employment at the Thomas Circle facility in November 2006 and worked until Sunrise discharged her in early July 2007.

Sunrise contends that it terminated Obi because of poor interactions with co-workers and her failure to provide proper care to the senior residents.  Notably, on or about June 29, 2007, Obi engaged in heated arguments throughout the day with a co-worker.  The arguments dissolved into near fisticuffs, with a housekeeper finally warning Obi and the co-worker that they must cease because they were scaring the residents.  Later that same day, Sunrise discovered that

Obi had failed to change linens on a resident's bed, leaving the linens covered in urine and feces. As a result of these incidents and earlier employment problems, Sunrise terminated Obi.

Obi contends that Sunrise terminated her because she is an African-American. She denies that she left soiled sheets on the resident's bed. In fact, she and a Lead Care Manager had conducted "rounds" of the residents' rooms, and the Lead Care Manager had confirmed with Obi that the sheets were clean. As for the arguments with the co-worker, Obi claims that the co-worker instigated the problems. The co-worker had harassed and threatened many employees at Thomas Circle and, Obi claims, should have been the only person terminated. Sunrise's alleged failure to properly supervise the co-worker has resulted in Obi's claim for negligent supervision. Finally, Obi contends that Sunrise was negligent in permitting serious rat infestation in the facility. On several occasions, Obi and others spotted three-to-four pound rats roaming the premises at will.

Sunrise denies all of Obi's substantive allegations. It points out that virtually all of the Thomas Circle Care Managers are African Americans, a strong indicator that Sunrise does not engage in discriminatory animus toward black employees.

During the Rule 26(f) conference, the parties discussed all of the matters in Local Civil Rule 16.3(c), and a summation of those matters follows:

**1.** Sunrise believes that it is likely to dispose of this case with a motion for summary judgment. Obi does not believe that the Court is likely to dispose of this case on a dispositive motion. To date, neither party has filed a dispositive motion.

---

[1] The Defendant is incorrectly identified in the caption. The Defendant's proper name is Sunrise Senior Living, Inc.

**2.** The parties agree that any amendments to the pleadings or joinder of parties should be completed by January 15, 2008. The parties agree that none of the factual and legal issues can be agreed upon or narrowed.

**3.** The parties do not agree that the Court should assign this case to a magistrate judge for all purposes, including trial.

**4.** The parties do not believe that there is a realistic possibility of settling the case at this time, although that could change. Obi has made a settlement demand that Sunrise believes is so wildly unrealistic that countering the demand would be futile. The parties believe that settlement could be a possibility later during the litigation, depending on what facts are learned during discovery.

**5.** The parties do not believe that the case can benefit from Alternative Dispute Resolution at this time. They believe that discovery of facts is necessary before they can determine whether ADR is a viable option. If ADR does emerge as a helpful mechanism to resolve the case, the parties agree that mediation is the preferred form of ADR. Sunrise's counsel confirms that it has discussed potential ADR with Sunrise, and Sunrise agrees that if ADR occurs, it should take place after the exchange of information in discovery. Sunrise has made this determination based on its view that Obi's settlement demand is out of line with the facts of the case.

**6.** Sunrise believes that it may resolve this case through a filing of a motion for summary judgment. Obi disagrees. She believes that her evidence will merit a trial. The parties agree to a dispositive motion deadline of June 30, 2008, with any response in opposition due 11 days after service of the motion, and any reply to the opposition due five days after service of the

opposition. The parties propose that the motion be decided within three weeks of the filing of the final brief on the issue.

7. The parties have agreed to comply with the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1) by December 28, 2007.

8. The parties propose a discovery cutoff of May 30, 2008. They also propose limitations of eight depositions per side and 25 interrogatories per side. At this time, Obi anticipates taking two depositions, while Sunrise anticipates taking one deposition but perhaps several others. Neither party requests a protective order at this time.

9. The parties do not request a modification to the requirement concerning exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2). The parties propose that if Obi intends to use any expert witnesses, she must identify the experts and comply with the report and information requirements by March 7, 2008. The parties propose that Sunrise must make any expert witness disclosures by March 28, 2008. Any expert witness depositions must occur by May 30, 2008.

10. This case is not a class action.

11. The parties agree that no part of this case should be bifurcated or managed in phases.

12. The parties propose a pretrial conference date of September 19, 2008.

13. The parties propose that the Court set a firm trial date at the pretrial conference, with the trial beginning 30 to 60 days after that conference.

14. The parties do not believe that any other matters are appropriate for inclusion in the Scheduling Order.

Dated:  December 28, 2007 _____/s/_____
Ijeoma O. Obi, *pro se*
1803 3rd Street, N.E.
Washington, D.C. 20002
(202) 526-2590
ijeomaobi@hotmail.com


_____/s/_____
Thomas P. Murphy (DC Bar #349365)
Jeffrey B. Hardie (DC Bar #448277)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone:  (703) 714-7400
Facsimile:  (703) 714-7410
tpmurphy@hunton.com
jhardie@hunton.com
Counsel for Sunrise Senior Living, Inc.